# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | **I N D I C T M E N T** |
| Plaintiff, | |
| v. | CRIM. NO. 20 - 092 (PAD) |
| [1] CINTHIA ESCOBAR-RAMOS, | Violations: |
| [2] ORLANDO GUZMAN-GARCIA, AKA, BILLETE, | 21 U.S.C. §§ 841(a)(1), 846, 18 U.S.C. §§ 1512(c)(1), 2 |
| [3] STEVEN MICHAEL RODRIGUEZ-GARCIA, | 21 U.S.C. §853(p) R. 32.2(a) of the Fed. Rules of Crim. Proc. |
| [4] ARNALDO DE LEON-SOLER, | (THREE COUNTS) NARCOTICS' FORFEITURE |
| Defendants. | |

**THE GRAND JURY CHARGES:**

## COUNT ONE

**(Conspiracy to Possess With Intent to Distribute a Controlled Substance)**

From in or about a date unknown through on or about January 23, 2020, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

[1] CINTHIA ESCOBAR-RAMOS,

[2] ORLANDO GUZMAN-GARCIA,
    AKA BILLETE,

[3] STEVEN MICHAEL RODRIGUEZ-GARCIA,

[4] ARNALDO DE LEON-SOLER,

the defendants herein, did knowingly and intentionally combine, confederate, and agree with each other and others known and unknown to the Grand Jury, to commit an offense against the United States, to wit: possession with intent to distribute five (5) kilograms or more of a mixture or

substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance. All in violation of Title 21, United States Code, Sections 846, and 841(a)(1) and (b)(1)(A)(ii).

## COUNT TWO

**(Possession with Intent to Distribute a Controlled Substance; Aiding and Abetting)**

On or about January 23, 2020, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

**[1] CINTHIA ESCOBAR-RAMOS,**

**[2] ORLANDO GUZMAN-GARCIA,
AKA BILLETE,**

**[3] STEVEN MICHAEL RODRIGUEZ-GARCIA,**

**[4] ARNALDO DE LEON-SOLER,**

the defendants herein, aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance. All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii), and Title 18, United States Code, Section 2.

## COUNT THREE

**(Obstruction of Justice; and
Aiding and Abetting)**

On or about January 23, 2020, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

**[1] CINTHIA ESCOBAR-RAMOS,**

the defendant herein, aided and abetted by others known and unknown to the Grand Jury, did knowingly and willfully corruptly alter, destroy, mutilate, and conceal an object, with the intent to

impair the object's integrity and availability for use in an official proceeding, such as a trial in a criminal case. All in violation of Title 18, United States Code, Sections 1512(c)(1), and 2.

## NARCOTICS FORFEITURE ALLEGATION

The allegations contained in Counts One and Two are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to Title 21, United States Code, Section 853 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

Upon conviction of an offense in violation of Title 21, United States Code, Sections 846 and 841,

[1] **CINTHIA ESCOBAR-RAMOS,**

[2] **ORLANDO GUZMAN-GARCIA,**
    **AKA BILLETE,**

[3] **STEVEN MICHAEL RODRIGUEZ-GARCIA,**

[4] **ARNALDO DE LEON-SOLER,**

the defendants herein, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses.

The property to be forfeited includes, but is not limited to: a sum equal to the amount of proceeds obtained as a result of the offense in the form of a money judgment, in the amount of four million, four hundred eighty-eight ($4,488,000.00) dollars, representing money involved in the offense. Defendants are jointly and severally responsible for the forfeiture alleged herein.

If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

DATE: 19-Feb-2020

W. STEPHEN MULDROW
UNITED STATES ATTORNEY

*signature*
Myriam Y. Fernández-González
Assistant U.S. Attorney
Chief, Criminal Division

*signature* for
Max Pérez-Bouret
Assistant U.S. Attorney
Deputy Chief, Narcotics' Unit

*signature*
Desirée Laborde-Sanfiorenzo
Assistant U.S. Attorney

4